COHEN & FELDMAN, INC., Plaintiff, *v.* BENJAMIN SILBOWITZ and SAMUEL NISNEVITZ, Copartners Doing Business under the Name SILBOWITZ & NISNEVITZ, and Others, Defendants.

City Court of New York, New York County, November 26, 1923.

*Peter A. Abeles*, for the plaintiff.

*Anderson, Phillips & Moss*, for the defendants Silbowitz and Nisnevitz.

*Krakower & Peters*, for the defendants Carter and Sacks.

*David Friedman*, for the defendant Carter-Sacks Fur Manufacturing Company.

LA FETRA, J. This is a motion to reconsider and to set aside a verdict directed in favor of the plaintiff, Cohen & Feldman, Inc., and against the defendants Benjamin Silbowitz and Samuel Nisnevitz, copartners, for the full amount due upon a trade acceptance, as well as for the reconsideration of a motion made during the course of the trial by the said defendants for leave to incorporate in their third defense the additional allegations " that the Carter-Sacks Fur Mfg. Co., Inc., would hold said instrument and would not transfer, negotiate or otherwise dispose of the same unless and until

the said casts are delivered by it to the defendants, Benjamin Silbowitz and Samuel Nisnevitz," which the court denied.

The plaintiff will be referred to as the materialman, the defendants as the purchaser, and the Carter-Sacks Fur Manufacturing Company, Inc., which did not appear on the trial, as the manufacturer. The manufacturer agreed in writing to make and to deliver to the purchaser one hundred sealine coats, and thereupon drew two separate negotiable drafts to his own order, both of which were duly accepted by the purchaser, indorsed and transferred before maturity to the materialman. One of the drafts is the subject of this action. The collateral contract of manufacture recited that the trade acceptances were payable in advance for the coats to be delivered, and contained the following sentence: " If the coats are not delivered as specified, Silbowitz & Nisnevitz reserve the right to stop payment on both trade acceptances." Evidence in support of the proposed amendment would negative the negotiability of the draft and nullify the agreement in respect to the reservation. Stopping payment is often invoked to give notice of an infirmity in the inception of such instruments or of a defective title in the hands of a holder, but should never be exercised in disregard of the legal rights of innocent holders for value. Oral testimony to contradict the collateral agreement or to explain the meaning of the reservation as to payment would have been error. (*Banque Franco-Americaine* v. *Bergstrom*, 171 App. Div. 870.)

The purchaser charged generally fraud and conspiracy between the materialman and the manufacturer to create a liability as against him upon the drafts. No intimation was made that either the drafts or the collateral contract were conceived in fraud. To the contrary, that charge must have been one of fraud and conspiracy after the initial delivery of the contract and the drafts. Instead of fraud or conspiracy, he evidently meant to rely upon some culpable act of the materialman which prevented the manufacturer from delivering the coats, as in *Kelso & Co.* v. *Ellis* (224 N. Y. 528), where the consideration at the inception of the note failed because of such an act. Here, if the drafts were applied to the general account of the manufacturer in liquidation of a balance due without such an act intervening, the verdict should stand. (*Tradesmen's National Bank* v. *Curtis*, 167 N. Y. 194.)

To support his position, the purchaser was allowed to present affidavits upon these motions as to the facts. Nothing new has been presented, all the questions of fact as well as law were fully considered during the trial, and the motions are denied.